UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CRAIG MARCELLO, *et al.*                          CIVIL ACTION

VERSUS                                            NO. 24-1035

ALLIED TRUST INSURANCE                            SECTION M (4)
COMPANY

## ORDER & REASONS

Before the Court is a motion for motion for summary judgment filed by defendant Allied

Trust Insurance Company ("Allied Trust").[1]  The motion is set for submission on January 23,

2025.[2]  Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana

requires that a memorandum in opposition to a motion be filed no later than eight days before the

noticed submission date, making the deadline in this instance January 15, 2025.  Plaintiffs Craig

and Virginia Marcello (together, "Plaintiffs"), who are represented by counsel, did not file an

opposition to the motion.  Accordingly, because the motion is unopposed and appears to have

merit,[3]

---

[1] R. Docs. 14; 21.

[2] R. Doc. 20.

[3] This is an insurance coverage dispute arising out of damage to Plaintiffs' property allegedly sustained during a May 13, 2022 windstorm.  Plaintiffs allege that their property was covered by an homeowners insurance policy issued by Allied Trust at the time of the storm, but that Allied Trust has failed to pay for their claimed loss.  R. Doc. 1-1 at 4-5.  Plaintiffs assert claims for breach of insurance contract and seek penalties and attorney's fees under La. R.S. 22:1892 and 1973.  *Id.* at 6-9.  In the instant motion, Allied Trust argues that it is entitled to summary judgment dismissing Plaintiffs' claims because Plaintiffs have not provided sufficient proof that the claimed damage occurred as a result of a covered event.  R. Doc. 14 at 1.  Allied Trust argues that Plaintiffs have not furnished any evidence, nor retained any meteorological expert, to show that a windstorm occurred on May 13, 2022, and that this date was suggested to Plaintiffs by a representative of Apex Roofing & Restoration.  R. Doc. 14-2 at 10-12, 19.  Allied Trust further argues that Plaintiffs have not shown that the alleged damage was caused by wind and asserts that its independent adjuster, who visited the property three days after Plaintiffs reported the loss, found the roof in the same condition as it was observed during a November 6, 2021 inspection.  *Id.* at 12-15.  Allied Trust also contends that Plaintiffs' repair estimate included unnecessary costs, including repairs to damage that predated the purported storm and the policy coverage period.  *Id.* at 15-19.  Allied Trust finally argues that it did not act in bad faith because it had legitimate doubts regarding coverage and there is no evidence to support Plaintiffs' breach-of-contract claim.  *Id.* at 19-20.  Under Louisiana law, the insured bears the burden of proving that the claimed loss resulted from a covered event.  *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 358 (5th Cir. 2010).  The entry of summary judgment is appropriate

IT IS ORDERED that Allied Trust's motion for summary judgment (R. Doc. 14) is GRANTED, and Plaintiffs' claims against it are DISMISSED WITH PREJUDICE.[4]

New Orleans, Louisiana, this 17th day of January, 2025.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

when a moving party demonstrates that there are no genuine issues of material fact and the nonmoving party fails to articulate specific facts showing a genuine issue.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); Fed. R. Civ. P. 56.  When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary-judgment burden.  *Id.* at 322-25; Fed. R. Civ. P. 56(c)(1)(B).  Allied Trust has sustained its burden on its motion, which Plaintiffs have failed to refute.  *See* R. Doc. 21 at 1-4.  Therefore, granting summary judgment in Allied Trust's favor is appropriate.

[4] Because the Court grants Allied Trust's motion for summary judgment and dismisses the case, it need not rule on Allied Trust's motion *in limine* to exclude testimony from Exact Building Consultants.  R. Doc. 15.

2