UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CRAIG MARCELLO, *et al.*                              CIVIL ACTION

VERSUS                                                NO. 24-1035

ALLIED TRUST INSURANCE                                SECTION M (4)
COMPANY

**ORDER & REASONS**

Before the Court is a motion by plaintiffs Craig and Virginia Marcello (together, "Plaintiffs") for reconsideration or relief from judgment under Rules 59 and 60 of the Federal Rules of Civil Procedure.[1] Defendant Allied Trust Insurance Company ("Allied Trust") responds in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court denies the motion.

**I.    BACKGROUND**

This case arises out of an insurance coverage dispute. Plaintiffs allege that their property was damaged during a windstorm while covered by a homeowners insurance policy issued by Allied Trust.[3] Plaintiffs assert claims for breach of insurance contract and seek penalties and attorney's fees under La. R.S. 22:1892 and 1973 for Allied Trust's failure to pay for their claimed losses.[4] On December 16, 2024, Allied Trust filed a motion for summary judgment, arguing that Plaintiffs failed to provide sufficient proof of their claims.[5] The motion was initially set for submission on January 9, 2025.[6] On December 24, 2024, Plaintiffs filed a consent motion to

---

[1] R. Doc. 27.
[2] R. Doc. 30.
[3] R. Doc. 1-1 at 4-5.
[4] *Id.* at 6-9.
[5] R. Doc. 14.
[6] R. Doc. 14-1.

extend certain deadlines, including their deadline to file an opposition to Allied Trust's motion for summary judgment.[7] On December 26, 2024, the Court granted Plaintiffs' motion, resetting the submission date of the motion for summary judgment to January 23, 2025.[8] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making Plaintiffs' new deadline January 15, 2025. Plaintiffs did not file an opposition to the motion. Consequently, on January 17, 2025, the Court, upon noting that Allied Trust's motion had merit, granted it as unopposed and dismissed Plaintiffs' claims with prejudice.[9] Judgment was entered in favor of Allied Trust the same day.[10]

## II.   PENDING MOTION

Plaintiffs now seek reconsideration or relief from this Court's January 17 judgment under Rules 59(e) and 60(b).[11] Plaintiffs assert that one of their attorneys was hospitalized from December 20 through 24, 2024, and could not return to work until the end of January 2025 at the earliest.[12] As a result, say Plaintiffs, that attorney's work, including this case, was reassigned to his associate counsel and, "in the ensuing flurry of activity[,] the date to file the opposition was improperly calendared."[13] In light of these said "extraordinary circumstances," Plaintiffs ask the Court to "use its great discretion to grant [Plaintiffs'] motion and vacate its judgment" under Rule 59(e).[14] Alternatively, Plaintiffs argue that their calendaring error constitutes "excusable neglect, allowing this Court to set aside its Order and Judgment of Dismissal" under Rule 60(b)(1).[15]

---

[7] R. Doc. 17.
[8] R. Doc. 20.
[9] R. Doc. 22.
[10] R. Doc. 23.
[11] R. Doc. 27.
[12] R. Doc. 27-1 at 1.
[13] *Id.* at 1-2 (quote at 2).
[14] *Id.* at 4.
[15] *Id.* at 4-5 (quote at 5).

2

In its opposition, Allied Trust first argues that Plaintiffs fail to allege that any of the limited circumstances under which reconsideration is appropriate under Rule 59(e) are applicable here.[16] Moreover, Allied Trust asserts that, while Rule 59(e) is the appropriate provision for weighing the motion, "[b]ecause Plaintiffs' motion fails to meet the Rule 59(e) standards, it would also fail under the stricter standards of Rule 60(b)."[17] Allied Trust contends that "[c]alendaring errors do not constitute excusable neglect" under Rule 60(b)(1),[18] and the circumstances described in Plaintiffs' motion do not warrant relief under Rule 60(b) because "the timeline in this case does not support any inference that [counsel's] hospitalization was a significant factor in the calendaring error or failure of Plaintiffs to file an opposition by January 15, 2025."[19] Allied Trust further argues that errors of counsel are chargeable to their clients, even when the results may seem "unfair."[20] Finally, Allied Trust contends that because Plaintiffs argue that Rule 60(b)(1) applies, Rule 60(b)(6) – the catch-all clause – cannot apply.[21]

### III. LAW & ANALYSIS

#### A. Rule 59(e) Motion to Alter or Amend Judgment

Plaintiffs' so-called motion for reconsideration is properly analyzed as a motion to alter or amend a judgment under Rule 59(e). "A Rule 59(e) motion is a motion that calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). Under the rule, a movant must show that relief is necessary for at least one of the following reasons: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) to consider newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) to address

---

[16] R. Doc. 30 at 5.
[17] *Id.* at 7.
[18] *Id.* at 8.
[19] *Id.* at 8-9.
[20] *Id.* at 10.
[21] *Id.*

3

an intervening change in the controlling law. *Markel Am. Ins. Co. v. Diaz-Santiago*, 674 F.3d 21, 32 (5th Cir. 2012); *Barber v. Spinal Elements*, 2019 WL 5810304, at *2 (E.D. La. Nov. 7, 2019). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)); *see also In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001) ("A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction."). In deciding the outcome of a Rule 59(e) motion, the court must balance "two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). And while a district court has considerable discretion to grant or deny a Rule 59(e) motion, the grant of such a motion is an "extraordinary remedy that should be used sparingly." *Indep. Coca-Cola Emps.' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc.*, 114 F. App'x 137, 143 (5th Cir. 2004).

Here, as Allied Trust points out,[22] Plaintiffs do not claim that any of the circumstances warranting relief under Rule 59(e) apply. Plaintiffs do not contend that the Court's judgment was based on a manifest error of law or fact, or that new evidence has surfaced, or that the applicable law has changed. *See Diaz-Santiago*, 674 F.3d at 32. Neither do Plaintiffs argue that the judgment results in "manifest injustice." *Id.* The Court previously determined that Allied Trust's motion for summary judgment had merit.[23] Plaintiffs do not contest, or even address, the merits of Allied Trust's motion for summary judgment or the Court's Order & Reasons, submit a proposed

---

[22] R. Doc. 30 at 5-7.
[23] R. Doc. 22 at 1 n.3.

4

opposition, or argue that any opposition would have presented facts or arguments warranting reversal of the judgment. Thus, both of the "competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts," *Edward H. Bohlin Co.*, 6 F.3d at 355, that the Court must consider weigh in favor of denial.

### B. Rule 60(b) Motion for Relief from Judgment

"Federal Rule of Civil Procedure 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *Kemp v. United States*, 596 U.S. 528, 533 (2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). Those limited circumstances include "(1) mistake, inadvertence, surprise, or excusable neglect" and "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). The determination of "what sorts of neglect will be considered 'excusable'" under Rule 60(b)(1) "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (discussing the term "excusable neglect" as used in Federal Rule of Bankruptcy Procedure 9006(b)(1)); *see also Razvi v. Dall. Fort Worth Int'l Airport*, 2022 WL 4298141, at *2 (5th Cir. Sept. 16, 2022) (applying *Pioneer* to Rule 60(b)(1)). Relief under Rule 60(b)(6) "is available only when Rules 60(b)(1) through (b)(5) are inapplicable. Even then, 'extraordinary circumstances' must justify reopening." *Kemp*, 596 U.S. at 533 (internal citation omitted) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11, 864 (1988)). To that end, relief under Rule 60(b)(6) "'requires a showing of manifest injustice and will not be used to relieve a party from the free, calculated, and deliberate choices he has made.'" *Rivera v. Garza*, 2022 WL 2752224, at *1 (5th Cir. July 14, 2022) (quoting *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013)).

Although, "for purposes of Rule 60(b)[(1)], 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence," *Pioneer*, 507 U.S. at 394, the Court does not find the Plaintiffs' negligence under the circumstances here excusable. "The illness of counsel is not a *per se* justification for Rule 60(b) relief." *Hutton v. Bank of N.Y. Mellon Tr. Co.*, 847 F. App'x 252, 252 (5th Cir. 2021). And, even if it were, Plaintiffs do not contend that they missed the January 15 deadline because counsel fell ill or remained incapacitated just before or on January 15; instead, they concede that substitute counsel simply miscalendared the new deadline in the "flurry of activity" following counsel's hospitalization in late December.[24] "Calendaring errors and mistakes about deadlines qualify as a careless mistake of counsel" and are therefore not excusable. *Rayford v. Karl Storz Endoscopy Am., Inc.*, 740 F. App'x 435, 437 (5th Cir. 2018). The "flurry of activity" leading to the calendaring error here is too far removed from the expiration of the January 15 deadline to excuse that error. The three remaining attorneys enrolled as counsel for Plaintiffs all received notice of the new submission date (and, thus, their opposition deadline) when the Court granted Plaintiffs' motion to extend pretrial deadlines on December 26,[25] nearly three weeks in advance of their January 15 deadline. While the Court is sympathetic to the exigent circumstances presented by the sudden hospitalization of counsel in late December, the circumstances were no longer extenuating when the opposition deadline – which had already been extended at Plaintiffs' request to accommodate the situation they now claim warrants reopening their case – expired on January 15. Thus, Plaintiffs' failure to file a timely opposition was not excusable.[26]

---

[24] R. Doc. 27 at 2.
[25] R. Doc. 20.
[26] Plaintiffs quote Rule 60(b)(6) in their motion. *See* R. Doc. 27-1 at 4. To the extent Plaintiffs seek relief under that provision, they are precluded from doing so. "'[T]he catch-all clause of Rule 60(b)(6) cannot be invoked when relief is sought under one of the other grounds enumerated in Rule 60.'" *Brittingham v. Wells Fargo Bank, N.A.*, 543 F. App'x 372, 374 (5th Cir. 2013) (quoting *Hess v. Cockrell,* 281 F.3d 212, 215 (5th Cir. 2002). Regardless,

6

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' motion for reconsideration or relief from judgment (R. Doc. 27) is DENIED.

New Orleans, Louisiana, this 10th day of March, 2025.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

because the circumstances leading to Plaintiffs' failure to timely oppose the motion for summary judgment were not "extraordinary," *Liljeberg*, 486 U.S. at 863 n.11, relief would not be warranted under this provision, either.